UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: SUBPOENA DUCES TECUM ) | Case No.: 1:06 MC 99 |
| ISSUED BY THE U.S. DISTRICT ) | |
| COURT FOR THE NORTHERN ) | |
| DISTRICT OF Ohio in: ) | Case Nos.    SA CV 04-8400 SJO (RZx) |
| ) | SA CV 04-8776 SJO (RZx) |
| JOANNE SIEGEL, *et al.*, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| WARNER BROS. ENTERTAINMENT ) | |
| INC., ) | |
| ) | |
| Defendant ) | <u>ORDER</u> |

Movants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications, Inc., Warner Bros. Television Production Inc., and Defendant-Counterclaimant DC Comics (collectively, "Movants"), by and through counsel, hereby move the court pursuant to Fed. R. Civ. P. 45: (1) for an order compelling Cleveland, Ohio resident Don Bulson, Esq. ("Bulson") to produce documents responsive to a subpoena duces tecum issued by the U.S. District Court for the Northern District of Ohio in the above-captioned actions; (2) to compel such production without regard to the attorney-client privilege; (3) to appear for deposition in accordance with the subpoena; and (4) to award to Movants their cost and attorneys' fees incurred in making this Motion.

Movants are Defendants in two complex actions pending in the U.S. District Court for the Central District of California relating to, *inter alia,* copyrights in certain Superman literary works. Movants served their subpoena on Don Bulson, a resident of Cleveland, who was counsel for

Michael Siegel, the deceased son of Jerry Siegel, one of the co-creators of Superman. Plaintiffs in the two actions in California, Joanne Siegel and her daughter, Laura Siegel Larson, are respectively the widow and daughter of Jerry Siegel, who, along with Joseph Schuster, created the first Superman comic story, published in 1938. One California action arises out of a purported termination of the rights of the Warner Bros. Defendants relating to literary works featuring the Superman character. Jerry Siegel's share relative to the grants by Jerry Siegel and Schuster is proportionally owned as follows: 50% by Joanne Siegel; 25% by Laurel Siegel Larson and 25% by Michael Siegel, Jerry Siegel's son from his first marriage. The second California action involves a notice of termination relating only to comics featuring Super Boy, in which only Jerry Siegel held the copyright. His wife, daughter and son hold proportionate interests in the same percentages that they hold in respect to his rights to Superman.

The court has held two hearings in regard to the Motion to Compel by Movants, the latest of which was on February 1, 2008. Because motions for summary judgment have been filed in both actions, Bulson argues that further discovery is inappropriate. Movant argues that further discovery is appropriate and may be useful in the underlying actions. After reviewing all of the submissions of the parties and hearing their arguments, the court hereby rules as indicated herein.

The court denies the Motion to Compel Production Without Regard to Attorney Client Privilege because the court finds that the submission of the privileged log was not so delayed as to effect a waiver. The court also finds that the award of attorney fees to Movants is not appropriate because their document request to Mr. Bulson, attorney for deceased Michael Siegel, was extremely broad and covered large numbers of documents, and because it could be anticipated that some of these documents would be covered by the attorney client privilege. It was also likely that the court

might have to determine whether the privilege was applicable. The court finds that Movants may be entitled to the documents set forth at Page 8 of their Reply Brief.

Mr. Bulson must submit a revised privilege log within 10 days of the conference held by the court on February 1. That revised log shall relate to only the 15 communications set forth on page 8 of the Movant's Reply Memorandum in Support of Their Motion to Compel. The description portion of the log shall be revised to give sufficient detail so that Movants can determine whether they have a basis for objecting to the assertion of the attorney-client privilege based on a joint interest. Seven days thereafter, Movants must determine whether they still wish to pursue all or some of these documents. If the parties have any resulting differences after that time, Movants shall notify this court within 10 days of the date of this Order. Thereafter, the court will review the documents in dispute and determine whether the documents are covered by the attorney-client privilege. To save time, Mr. Bulford shall submit the 15 documents to the court within 7 days of the date of this Order so the court will be prepared to review them *in camera*. The court further held at the conference with counsel for the parties that Mr. Bulford may be deposed within 30 days of the date of the Conference held by the court on February 1 at a time that is convenient to all relevant parties.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 5, 2008