# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
STEPHEN BIGGER
ROGER L. ZISSU
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
CRAIG S. MENDE
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
LYDIA T. GOBENA
CARLOS CUCURELLA
JAMES D. WEINBERGER
DAVID DONAHUE
NANCY E. SABARRA

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N.Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

MICHAEL I. DAVIS
  SPECIAL COUNSEL

JAMES D. SILBERSTEIN
JOYCE M. FERRARO
MICHELLE P. FOXMAN
ROBERT A. BECKER
MICHAEL CHIAPPETTA
EVAN GOURVITZ
TAMAR NIV BESSINGER
DIANE MARCOVICI PLAUT
  COUNSEL

NANCY C. DICONZA
LAURA POPP-ROSENBERG
CARA A. BOYLE
CHARLES T.J. WEIGELL III
MARILYN F. KELLY
CAROLINE G. BOEHM
VANESSA HWANG LUI
DOROTHY C. ALEVIZATOS
AIMEE M. ALLEN
BETSY JUDELSON NEWMAN
NICHOLAS H. EISENMAN
KATE HAZELRIG
TODD MARTIN

February 20, 2008

**VIA ECF**

The Honorable Solomon Oliver, Jr.,
United States District Judge
U.S. District Court for the Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue

      Re:   *In re Subpoena Duces Tecum and for Deposition, Siegel v. Warner Bros. Entm't Inc.*, Misc. Case No. 1:06MC0099 (Our Ref. No. DCC USA CC-04/25344)

Dear Judge Oliver:

      We are counsel to movants Warner Bros. Entertainment Inc. *et al*. ("Movants") in the above referenced matter and write in response to the February 19, 2008 letter to the Court sent by Marc Toberoff, counsel for third-party witness Don Bulson ("Bulson") and plaintiffs Joanne Siegel and Laura Siegel Larson ("Plaintiffs").

      As an initial matter, we do not read the February 5, 2008 Amended Order to permit additional briefing or reargument and thus believe the February 19 letter to be out of order. We also note that much of Mr. Toberoff's letter relates to issues upon which Your Honor has already ruled (either in the Amended Order or during the February 1, 2008 telephonic hearing), namely, the scope of the subpoena served by Movants as well as the relevance of the limited documents now sought on the instant motion. Movants also object to Mr. Toberoff's characterization of any obligation on the part of Movants to further "meet and confer" on the discoverability of the 15 documents at issue as no such obligation exists. In fact, as Your Honor recognized during the February 1 hearing, Movants sought to resolve this motion back in their November 2006 reply brief by offering to narrow the scope of the documents sought to those now at issue. Plaintiffs and Bulson refused. Nonetheless, prior to filing their objections to the revised privilege log with the Court yesterday, Movants *twice* re-requested production of the documents as a means of resolving the dispute (*see* attached email correspondence). Plaintiffs and Mr. Bulson, however, have refused to produce the documents. As such, it is undisputed that any further substantive conversations between counsel on these issues would have been fruitless.

That being said, the February 19 letter – as with Mr. Bulson and Plaintiffs' position on this motion – *is* noteworthy for what it lacks. That is, neither Mr. Bulson nor the Siegels have submitted any contemporaneous evidence of their purported agreement to share privileged information in furtherance of a common legal interest or even testimonial evidence (*i.e.*, a sworn declaration from a witness) supporting such a claim. (As previously noted, in an admission that no common legal interest existed at the time, the 15 documents at issue are not listed on privilege logs submitted by Plaintiffs in the underlying actions.) Instead, all we have are the post-hoc arguments of Mr. Toberoff, a lawyer with an obvious interest in preventing disclosure of the documents regardless of the legitimacy of any privilege assertion. Moreover, as Movants are not able to review the documents themselves, Mr. Toberoff's arguments are very unfair – Movants are in effect "flying blind" in their ability to respond to such argument. This is the very reason that Movants proposed an *in camera* review of the communications at issue as a means of resolving this dispute, a proposal which was accepted by the Court and incorporated into the Amended Order. As such, Movants respectfully request that the review be conducted as ordered.

                                              Respectfully submitted,

                                              James D. Weinberger

Attachments

cc:    Marc Toberoff, Esq.
       Nicholas C. Williamson, Esq.
       Michael Bergman, Esq.
       Anjani Mandavia, Esq.
       Adam Hagen, Esq.
       Patrick T. Perkins, Esq.
       Roger L. Zissu, Esq.
       Meggan A. Rawlin, Esq.

# James Weinberger

| | |
|---|---|
| **From:** | James Weinberger |
| **Sent:** | Friday, February 15, 2008 2:14 PM |
| **To:** | mtoberoff@ipwla.com; 'Joshua Ryland' |
| **Cc:** | 'Nick Williamson'; mbergman@wwllp.com; 'Anjani Mandavia'; Adam Hagen; pperkins@ptplaw.com; Roger Zissu |
| **Subject:** | Bulson Objections |

Dear Counsel -

Pursuant to the Court's Amended Order, Movants object to the revised privilege log for the reasons set forth in our reply brief and during the telephonic hearings and thus request all documents referenced in that log. Assuming that you do not agree to turn them over to us, we will notify the Court on Tuesday.

Please let me know if you have any questions or are willing to turn the documents without further Court intervention.

- James

James D. Weinberger | Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza | New York, New York 10017
Tel: (212) 813-5952 | Fax: (212) 813-5901 | www.frosszelnick.com

## James Weinberger

| | |
|---|---|
| **From:** | James Weinberger |
| **Sent:** | Sunday, February 17, 2008 7:33 AM |
| **To:** | mtoberoff@ipwla.com |
| **Cc:** | nwilliamson@ipwla.com; kgadams@ipwla.com; Roger Zissu |
| **Subject:** | RE: Bulson Objections |

Marc -

Needless to say, we disagree with your views regarding what the Amended Order "implies" (as opposed to what it says).

That being said, and as indicated in my email, Movants will stand down if Mr. Bulson provides us with (1) copies of the 15 communications listed in the revised privilege log and (2) a confirmation that these are indeed the documents identified on the log. If we do not have both by noon on Tuesday, we will proceed to file our objections with the Court.

- James

---

Dear James:

Your terse statement, which merely refers to Movants' reply brief and our discussions at the telephonic hearing, makes no attempt to arrive at a reasonable resolution of this matter for neither your reply brief, nor such discussion addressed the *revised* privilege log submitted thereafter.

Pursuant to Judge Oliver's February 5, 2008 Order the privilege log was substantially revised with respect to the 15 items in question so as to provide in greater detail the privileged subject matter and nature of each communication without disclosing the contents of the communication, itself. The Order clearly implies an inherent obligation on the parties to meet and confer before further pressing this matter with the Court -- an obligation which Movants did not even attempt to fulfill.

Marc Toberoff

*James Weinberger <jweinberger@fzlz.com>* wrote:

> Dear Counsel -
>
> Pursuant to the Court's Amended Order, Movants object to the revised privilege log for the reasons set forth in our reply brief and during the telephonic hearings and thus request all documents referenced in that log. Assuming that you do not agree to turn them over to us, we will notify the Court on Tuesday.
>
> Please let me know if you have any questions or are willing to turn the documents without further Court intervention.
>
> - James
>
> James D. Weinberger | Fross Zelnick Lehrman & Zissu, P.C.
> 866 United Nations Plaza | New York, New York 10017
> Tel: (212) 813-5952 | Fax: (212) 813-5901 | www.frosszelnick.com

```
The information contained in this email message may be privileged,
confidential, and protected from disclosure. Any unauthorized use,
printing, copying, disclosure or dissemination of this communication
may be subject to legal restriction or sanction. If you think that you
have received this email message in error, please reply to the sender.
```

**Marc Toberoff**
Toberoff & Associates
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Tel: (310) 246-3333
Fax: (310) 246-3101
MToberoff@ipwla.com