UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: SUBPOENA DUCES TECUM ISSUED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF Ohio in: | ) ) ) ) | Case No.: 1:06 MC 99 |
| | ) | Case Nos.   SA CV 04-8400 SJO (RZx) |
| | ) | SA CV 04-8776 SJO (RZx) |
| JOANNE SIEGEL, *et al.*, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARNER BROS. ENTERTAINMENT INC., | ) ) | |
| | ) | |
| Defendant | ) | ORDER |

The court takes judicial notice of the fact that the Judge has decided the merits of the claims by the parties in the above-entitled law suits. The court also takes judicial notice that the court has not yet decided the damage-related issues. Previously, Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications, Inc., Warner Bros. Television Production Inc., and Defendant-Counterclaimant DC Comics (collectively, "Movants"), filed a Motion to Compel Ohio resident Don Bulson, Esq. ("Bulson"), who was counsel for Michael Siegel, the deceased son of Jerry Siegel, to produce documents responsive to a subpoena issued by this District Court in the above-captioned actions and for other pertinent relief. Jerry Siegel, along with Joseph Schuster, created the first Superman comic story, published in 1938. Plaintiffs in the two actions in California, Joanne Siegel and her daughter, Laura Siegel Larson, are respectively the widow and daughter of

Jerry Siegel. One California action arises out of a purported termination of the rights of the Warner Bros. Defendants relating to literary works featuring the Superman character. Jerry Siegel's share relative to the grants by Jerry Siegel and Schuster is proportionally owned as follows: 50% by Joanne Siegel; 25% by Laura Siegel Larson and 25% by Michael Siegel, Jerry Siegel's son from his first marriage. The second California action involves a notice of termination relating only to comics featuring Super Boy, in which only Jerry Siegel held the copyright. His wife, daughter and son hold proportionate interests in the same percentages that they hold in respect to his rights to Superman.

The court, in an Order dated February 5, 2008, denied the Motion to Compel, except in regard to 15 specified documents identified in Movant's Reply Memorandum. The court required the Plaintiffs/Deponents to produce a more detailed privilege log to the Movants and to the court so that the court could make the ultimate determination, if required, regarding whether the documents were subject to the attorney/client privilege. The 15 pieces of correspondence are letters, faxes, and e-mails between Joanne and Laura Siegel and Don Bulson and Attorney Mark Toberoff, counsel for Joanne and Laura Siegel. The Siegels maintain that these communications are subject to the attorney/client joint interest exception. Thus, they argue that communications between counsel for Jerry Siegel and counsel for Joanne and Laura, as well as communications between Joanne and Laura and counsel for Jerry Siegel are privileged. After reviewing all of the 15 documents, and the claimed joint interest privilege which has been asserted, the court finds that none of the 15 documents are subject to the attorney/client privilege based on the joint interest exception. First, the court finds that none of the15 communications reflected in log numbers 299, 301, 319, 325, 327, 328, 377, 378, 379, 380, 381, 386, 388, 393, and 412 are for the purpose of giving legal advice. Second, the court finds the communications reflected in log numbers 319, 325, 327, 328, 377, 378,

379, 380, 381, 386, 388, 393, and 412 are not made in regard to a joint and common legal or defense strategy relative to ongoing or upcoming litigation. Finally, the court finds that the interest of Michael Siegel, as reflected in these 13 communications, is separate and apart from those of Joanne and Laura Siegel. These documents relate to the offers back and forth between Mike Toberoff, on behalf of an investor who wishes to purchase Michael Siegel's interest and Bulson on behalf of Michael Siegel. The primary subject does not relate to settlement offers regarding Warner Brothers or the risk of litigation.

Consequently, if Movants are still desirous of pursuing this discovery, the 15 documents discussed above should be immediately turned over to them preparatory to their conducting a deposition of Bulson.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 1, 2008