# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **IN RE: SUBPOENA DUCES TECUM ISSUED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO IN:**<br><br>**JOANNE SIEGEL and LAURA SIEGEL LARSON,**<br><br>                      **Plaintiffs,**<br><br>       v.<br><br>**WARNER BROS. ENTERTAINMENT INC., et al.,**<br><br>                      **Defendants.** | Misc. Case No. 1:06MC0099<br><br>Case Nos.   SA CV 04-8400 SGL (RZx)<br>                       SA CV 04-8776 SGL (RZx)<br><br>(Consolidated for Discovery Purposes)<br><br>Action Pending in the U.S. District<br>Court for the Central District of California |

## RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND APPEAR FOR DEPOSITION

On April 1, 2008, this Court held that certain documents claimed by subpoena recipient Don Bulson, Esq. ("Bulson") to be subject to the common interest exception to the waiver of attorney-client privilege were not in fact subject to any privilege. Accordingly, Movants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., Warner Bros. Television Production Inc. and DC Comics (collectively "Movants"), by and through counsel, Jones Day, hereby advise the Court of their renewed motion to compel with respect to remaining documents identified on the October 23, 2006 privilege log submitted by Mr. Bulson in response to Movants' subpoena and withheld on the basis of an alleged attorney-client privilege.

The Court is generally familiar with the facts. Movants served a subpoena on Mr. Bulson on August 11, 2006. With no response other than standard, boilerplate objections, and several unreturned phone calls, Movants moved to compel production and a deposition under the

subpoena on October 20, 2006. Bulson and plaintiffs in the underlying actions Joanne Siegel and Laura Siegel Larson (the "Siegels") on October 23, 2006 – three days after the motion to compel was filed – produced a privilege log devoid of any substantive disclosure of the documents claimed to be subject to privilege (Exhibit A hereto) and opposed the motion on November 6, 2006.

In their November 20, 2006 reply brief, Movants, in a good faith attempt to compromise, noted that the despite the fact that the privilege log was produced late, well after the objections were served and after Movants' motion was filed, the majority of documents listed appeared at face value to be arguably subject to the attorney-client privilege. Movants thus focused on 15 specific communications allegedly subject to a joint privilege, and requested that the Court order Plaintiffs to provide more information with respect to these communications so that Movants could better evaluate the claimed privilege. The Court agreed at the February 1, 2008 hearing and confirmed such agreement by its February 6, 2008 Amended Order.

Bulson and the Siegels then produced a revised privilege log with respect to the allegedly privileged documents (Exhibit B), augmenting their descriptions of the allegedly privileged documents by characterizing them as discussing settlement offers made by Movants to the Siegels and the risks of litigation in the underlying actions. Pursuant to the Amended Order, Movants renewed their objections and the documents were submitted by to the Court for *in camera* review.

On April 1, 2008, the Court ordered the immediate production of the documents at issue because "none of the 15 documents are subject to the attorney/client privilege based on the joint interest exception." April 1, 2008 Order at 2. The Court further held that the documents were neither for the "purpose of giving legal advice" nor "made in regard to a joint and common legal or defense strategy relative to ongoing or upcoming litigation." *Id*. at 2-3. Finally, the Court

held that "the interest of Michael Siegel, as reflected in these 13 communications, is separate and apart from those of Joanne and Laura Siegel." *Id*. at 3. Immediate production of the 15 documents was ordered so that Mr. Bulson could be deposed promptly, and the documents were produced by Bulson and the Siegels on April 2, 2008.[1]

Having now been able to review the documents themselves, Movants have come to the conclusion that the assertion of privilege with respect to the documents was largely specious. The deception was twofold. First, in their initial privilege log, Bulson and the Siegels shielded the documents from production by characterizing them as subject to a joint privilege when it was obvious they were not. Second, when ordered by the Court to submit a supplemental privilege log with respect to those documents, Bulson and the Siegels compounded their initial deception by affirmatively misrepresenting the nature of the communications at issue. Of course, since Movants were not then able to review the correspondence at issue, only the Court's *in camera* review revealed that the documents were not candidly described. For example, Revised Bulson Privilege Log document 319 (Exhibit C) is a letter from Mr. Bulson to Mr. Toberoff that simply rejects an offer to purchase Michael Siegel's interest in the Superman copyright. The letter does not "discuss[] Warner Bros.' settlement offers and the risks of litigation" as represented in the Log. *Compare* Exhibit C *to* Exhibit B at 1.

Movants respectfully submit that the lack of candor exhibited in claiming privilege in, and describing the substance of, the allegedly "joint privileged" Bulson documents calls into question all claims of privilege in this matter. It is now clear that Movants' good faith attempt to compromise on this motion by acknowledging the likely privileged nature of the majority of the documents identified in the original privilege log was premature at best, and

---

[1] Movants are proceeding with Mr. Bulson's deposition on April 22, 2008 pursuant to the Court's March 29, 2008 Order on the parties' joint scheduling motion.

perhaps even naïve, as it was based on the belief that counsel had accurately characterized the documents and privileges that applied thereto. Movants' conciliatory efforts were wasted in view of Bulson's and the Siegels' attempt to conceal non-privileged communications through mischaracterizing the documents in question.

Accordingly, Movants respectfully request that the Court reconsider its February 6, 2008 Amended Order by requiring Bulson and the Siegels to submit a supplemental privilege log with respect to *all* communications (not just the 15 documents improperly claimed to be subject to a joint privilege) so as to allow Movants to fully evaluate the alleged claim of privilege as to each document. As with the 15 communications addressed by the February 6 Amended Order, in the event that Movants have additional concerns with respect to documents identified on this new supplemental log, they further respectfully request that the Court order an *in camera* review of any such documents to determine whether they are, in fact, privileged. The conduct of Bulson and the Siegels (and their counsel) has left Movants with no choice but to seek further relief from this Honorable Court.

Respectfully submitted,     JONES DAY


By  s/Meggan A. Rawlin
    David A. Kutik
    Meggan A. Rawlin
    North Point
    901 Lakeside Avenue
    Cleveland, Ohio  44114-1190
    216.586.3939 (phone)
    216.579.0212 (fax)

    Counsel for Movants

Of counsel:

    Roger L. Zissu
    James D. Weinberger
    FROSS ZELNICK LEHRMAN & ZISSU, PC
    866 United Nations Plaza
    New York, New York 10017
    Phone: (212) 813-5900
    Fax: (212) 813-5901

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing Renewed Motion to Compel Production of Documents and Appear for Deposition was filed and served upon all parties and counsel of record this 9th Day of April, 2008.


                                        By  s/Meggan A. Rawlin_____
                                                 Counsel for Movants