# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: SUBPOENA DUCES TECUM ISSUED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO IN:<br><br>**JOANNE SIEGEL and LAURA SIEGEL LARSON,**<br><br>        **Plaintiffs,**<br><br>    **v.**<br><br>**WARNER BROS. ENTERTAINMENT INC., et al.,**<br><br>        **Defendants.** | Misc. Case No. 1:06MC0099<br><br>Case Nos. SA CV 04-8400 SGL (RZx)<br>      SA CV 04-8776 SGL (RZx)<br><br>(Consolidated for Discovery Purposes)<br><br>Action Pending in the U.S. District<br>Court for the Central District of California |

## REPLY BRIEF IN FURTHER SUPPORT OF RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND APPEAR FOR DEPOSITION

Movants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., Warner Bros. Television Production Inc. and DC Comics (collectively "Movants"), by and through counsel, Jones Day, hereby submit their reply to Don W. Bulson, Esq.'s opposition to their renewed motion to compel.

This renewed motion was brought in light of the revelations made in the documents produced on April 2, 2008 in compliance with the Court's April 1 Order. The Court ordered such production because 15 non-privileged documents were improperly withheld as subject to the common interest exception to the waiver of attorney-client privilege. As shown below, Plaintiffs' opposition misses the key point that production of the previously withheld documents – as well as the intervening deposition of Mr. Bulson – have changed the facts in a fundamental way: Mr. Bulson, in fact, did not review his files, as claimed. His counsel Mr. Toberoff

{F0280601.1 }

undertook that task. And Mr. Toberoff has now lost credibility because, once produced, the 15 documents show beyond a doubt that he has abused the privilege claims he made relating to them.

Instead of dealing with this reality, Mr. Bulson's counsel (i) rehearses with chapter and verse his earlier untenable objections to the document production, (ii) insists that to contest his word as to any other documents is "overzealous" and "outrageous," and (iii) claims that because the Court previously denied Movants' initial motion as to the majority of the allegedly privileged documents he should now be believed (this despite the fact that the Court's decision was not based on a substantive review of the privilege claims but instead on a refusal to hold that the privilege had been waived simply because the log was served late). None of these contentions make sense here.

Again, the point of Movants' renewed motion is that the credibility of Mr. Bulson and his counsel, when it comes to asserting the attorney-client privilege in connection with the instant subpoena, has been destroyed. As such, they should be held to their word that the remaining documents are indeed subject to an applicable privilege by providing the kind of supplemental information the Court previously required with respect to the documents which we now know were improperly withheld. If Movants, upon review of this new supplemental privilege log, still have questions, only then would the Court be asked to review any further documents.

Further, it is worth noting that even now, having been caught "red handed," the opposition is still rife with misstatements and misrepresentations. For example:

- Despite the claim at page 2 of the opposition that "Mr. Bulson reviewed his legal files and served a detailed and procedurally sufficient privilege log," it turns out that Mr. Bulson himself has played little or no role in reviewing the documents for privilege.

Mr. Bulson testified at his Court-ordered April 22, 2008 deposition that upon receipt of the subpoena in 2006, he simply boxed up his legal files relating to Michael Siegel – without reviewing them at all – and forwarded them to Melvin Banchek, the lawyer responsible for the administration of Mr. Siegel's estate.  Mr. Banchek then forwarded them to Mr. Toberoff, counsel for Plaintiffs Joanne Siegel and Laura Siegel Larson.  (*See* Transcript of April 22, 2008 Deposition of Don W. Bulson Esq. ("Bulson Tr."), at 7-9, an excerpt from which is attached hereto as Exhibit A.)[1]

- According to Mr. Bulson's testimony, he also did not prepare or substantively review the initial privilege log served in 2006.  (*Id*. at 12-14).  And he could not recall ever seeing the February 11, 2008 revised privilege log, which was only produced following an order of this Court.  (*Id*. at 15-16)  As it turns out, both logs were prepared by Mr. Toberoff, without Mr. Bulson's participation. (*Id.* at 9-10 ("I was deferring to Mr. Toberoff with respect to the issues regarding privilege.")  To the extent that the opposition suggests otherwise, such a claim is false.

- Despite the opposition's persistence in claiming that the certain communications ordered to be produced by the Court were "protected dialogue between Plaintiffs and Michael Siegel regarding the terminations" (Opposition at 5),  as the documents now show and as confirmed by Mr. Bulson at his deposition, the correspondence relating to negotiations over on offer to purchase Michael Siegel's rights under the termination was made by Mr. Toberoff *on behalf of an undisclosed "investor," not by*

---

[1] Perhaps it is for this reason that, other than the documents this Court ordered him to produce by its April 1, 2008 Order, not a single document has been produced in response to Movants' subpoena.  As such, the Bulson deposition was concluded subject to further production of previously unknown documents, whether by Mr. Bulson on his own or as a result of a Court order.

*Plaintiffs*. (*See*, *e.g.*, Moving Br. Exh. C; Bulson Tr. at 34-35; 127-28.) That is, although Mr. Toberoff happened to be Plaintiffs' lawyer, both the correspondence and Mr. Bulson's testimony make clear that the offer to buy out Michael Siegel was **not** made on their behalf.

The situation is complicated by the fact that Mr. Bulson's counsel, Mr. Toberoff, is the central figure in not only the underlying communications which the Court found were improperly withheld, but also in the preparation of the privilege logs, the oral arguments on these motions, and even the privilege instructions made at Mr. Bulson's deposition. Mr. Toberoff continues to play charades with Movants as well as the Court. As a result, Movants continue to fly blind.

Under above circumstances, the only way Movants can ensure that they are able to discover the relevant facts as they endeavor to defend themselves in the underlying actions (a trial on remaining issues, including apportionment and accounting, is set to begin this fall) is for the Court to order further supplementation of the privilege log for Mr. Bulson's file and, if Movants communicate to the Court any further concerns, to review the relevant documents *in camera*. Plaintiffs' parade of horribles concerning the burden of such a review has no grounding in fact. Assuming that some of the remaining documents are legitimately privileged, even if requested, it would take little time to identify letters from a lawyer to his client and from client(s) to their lawyers. In sum, on this record, Mr. Toberoff can not credibly insist that just because some more focused judicial scrutiny may be necessary with regard to some of the documents, this is sufficient reason to simply disregard Movants' legitimate concerns and deny outright their right of access to discoverable evidence.

For the reasons set forth above, Movants request that the Court follow its earlier procedure by (1) ordering Mr. Bulson to provide a more detailed description of the documents identified in his initial privilege log (other than those produce by way of the Court's April 1, 2008 Order) and (2), if requested by Movants, reviewing *in camera* such of those documents that Movants request in order to decide which if any further documents should be produced.

Respectfully submitted, JONES DAY

By  s/Meggan A. Rawlin
David A. Kutik
Meggan A. Rawlin
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
216.586.3939 (phone)
216.579.0212 (fax)

Counsel for Movants

Of counsel:

Roger L. Zissu
James D. Weinberger
FROSS ZELNICK LEHRMAN & ZISSU, PC
866 United Nations Plaza
New York, New York 10017
Phone: (212) 813-5900
Fax: (212) 813-5901

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply Brief in Further Support of Renewed Motion to Compel Production of Documents and Appear for Deposition was filed and served upon all parties and counsel of record via the Court's electronic case filing system this 2nd Day of May, 2008.

By _s/Meggan A. Rawlin_________________
Counsel for Movants

